**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| EXPRESS SCRIPTS HOLDING COMPANY AND SUBSIDIARIES, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. _____ |
| THE UNITED STATES, | ) ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff, Express Scripts Holding Company and Subsidiaries ("Express Scripts"),[1] brings

this action against defendant, the United States, for a refund of federal income taxes, and alleges:

**NATURE OF THE ACTION**

1.    Express Scripts brings this action under 26 U.S.C. § 7422 for the refund of federal

income taxes. Express Scripts properly claimed the Domestic Production Activities Deduction

pursuant to 26 U.S.C. § 199 related to the production of its claims adjudication software on its

amended federal income tax return for its tax year ended December 31, 2012 (the year at issue).

The Internal Revenue Service ("IRS") erroneously denied the deduction and refused to refund

Express Scripts an overpayment of its 2012 income taxes in the amount of $34,111,929.[2]

---

[1] For the tax year 2012, Express Scripts Holding Co. was the parent of Express Scripts, Inc., the plaintiff in *Express Scripts, Inc. and Subsidiaries v. United States*, No. 4:21-cv-00737-NCC, which was filed on June 22, 2021. Both companies are now owned by Cigna Corporation.

[2] Express Scripts filed a refund claim for $35,431,314. The IRS refunded tax and interest of $1,468,737.59. Accordingly, the remaining refund claim is $34,111,929 plus interest.

## PARTIES

2.      Express Scripts is a Delaware corporation with its principal place of business at One Express Way, St. Louis, Missouri 63121.

3.      Express Scripts maintained its books and records and timely filed its federal income tax return and amended federal income tax return on the basis of the calendar year and using the accrual method of accounting.

4.      Defendant is the United States of America.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422. This action is timely under 26 U.S.C. § 6532(a)(1).

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1402(a)(2). This is a civil action against the United States, and Express Scripts' principal place of business is located within the judicial district and this division.

## FILING AND DISALLOWANCE OF EXPRESS SCRIPTS' CLAIM FOR REFUND

7.      On September 14, 2018, Express Scripts filed an amended federal income tax return (Form 1120X) for its tax year ended December 31, 2012, claiming a refund of taxes paid based on a deduction for its domestic production activities. Pursuant to Internal Revenue Code Section 199, 26 U.S.C. § 199 ("Section 199"),[3] Express Scripts reported a Domestic Production Activities Deduction of $97,462,655 and claimed a refund in the amount of $35,431,314. On April 20, 2021, the IRS refunded $1,468,737,59. The remaining claim for refund is $34,111,929.

---

[3] Except as otherwise indicated, references to "Section" or to 26 U.S.C. are to the Internal Revenue Code of 1986 as amended and in effect during the tax year at issue.

8.      On March 15, 2021, the IRS denied Express Scripts' claim for refund, stating that Express Scripts did not qualify for the Domestic Production Activities Deduction.

9.      Pursuant to 26 U.S.C. § 6532(a)(1), Express Scripts may file a suit for refund of taxes for the year at issue within two years from March 15, 2021.

## FACTUAL ALLEGATIONS

10.      During the year at issue, Express Scripts' customers included organizations that managed prescription benefit plans, such as managed care organizations, health insurers, third-party administrators, employers, union sponsored benefit plans, workers compensation plans, and government health care plans ("Customers"). The Customers provided prescription benefits to individuals who received prescription drug benefits through their employer, health plan, or directly through Medicare Part D ("Plan Members").

11.      During the year at issue, Express Script provided its Customers products and services to help them manage their prescription benefit plans. Express Scripts provided its Customers certain software, discussed below, as well as services, such as retail network pharmacy management, drug formulary management, drug utilization management, and home delivery pharmacy services.

12.      At issue in this litigation is Express Scripts' software for performing claims adjudication and related functions (the "Software"), which its Customers used to administer their prescription benefit plans and to adjudicate claims made by the Customers' Plan Members for prescription benefits under those plans. Express Scripts produced the Software and licensed, otherwise disposed of, or otherwise provided its Customers access to the Software for the Customers' direct use.

3

13.     Claims adjudication was the process through which Customers verified and
processed prescription drug claims, including, but not limited to, verification of status as a Plan
Member, eligibility and drug coverage, determination of pricing details, co-payments, and
coordination of benefits. By using the Software, Customers fully automated their claims
adjudication process and provided Plan Members real-time adjudication and processing at the
point of sale.

14.     Express Scripts' employees produced, in whole or in significant part, the
Software, in whole or in significant part within the United States, through the creation,
development, and improvement of the Software.

15.     Express Scripts licensed, otherwise disposed of, or otherwise provided its
Customers access to the Software for the Customers' direct use, while connected to the Internet
or other public or private communications network, to adjudicate their Plan Members'
prescription drug claims.

16.     Other businesses derived on a regular and ongoing basis gross receipts from the
lease, rental, license, sale, exchange, or other disposition to their customers of software that was
substantially identical to Express Scripts' Software and either affixed to a tangible medium (for
example, a disk or DVD) or by allowing customers to download the software from the Internet.

17.     From the customers' perspective, the other businesses' software had the same
functional result as Express Scripts' Software, and had a significant overlap of features or
purpose with Express Scripts' Software.

## CLAIM FOR THE 2012 TAX YEAR

18.     For the year at issue, Section 199 provided a deduction from federal income tax based on income derived from domestic production activities ("Domestic Production Activities Deduction").

19.     For the year at issue, the Domestic Production Activities Deduction was equal to 9 percent of the lesser of (1) the taxpayer's Qualified Production Activities Income ("QPAI") or (2) taxable income (determined without regard to Section 199), provided that the claimed deduction did not exceed 50 percent of the W-2 wages properly allocable to Domestic Production Gross Receipts ("DPGR").

20.     DPGR were the gross receipts of the taxpayer that were derived from the license, lease, rental, sale, exchange or other disposition of Qualifying Production Property ("QPP") that was manufactured, produced, grown, or extracted in whole or in significant part by the taxpayer in whole or in significant part within the United States. QPAI was the taxpayer's DPGR less the costs of goods sold and deductions allocable to the DPGR.

21.     The Software was QPP that was produced in whole or in significant part by Express Scripts in whole or in significant part within the United States.

22.     In the year at issue Express Scripts derived gross receipts from licensing or otherwise disposing of the Software to its customers, and those gross receipts qualified as DPGR under Section 199 and Treas. Reg. § 1.199-3(i)(6)(i).

23.     In the year at issue, Express Scripts derived gross receipts from providing its Customers access to the Software for the Customers' direct use while connected to the Internet or other public or private communications network, and those gross receipts qualified as DPGR under Section 199 and Treas. Reg. § 1.199-3(i)(6)(iii).

24.     During the year at issue, Express Scripts derived DPGR in the amount of $58,070,930,241 from licensing, otherwise disposing of, or otherwise providing its Customers access to the Software for the Customers' direct use while connected to the Internet or other public or private communications network.

25.     During the year at issue, Express Scripts had costs of goods sold allocable to its DPGR of $55,038,018,903, and deductions and losses allocable to its DPGR in the amount of $1,949,992,951, resulting in QPAI of $1,082,918,387.

26.     During the year at issue, 9 percent of Express Scripts' QPAI was $97,462,655, which was less than both (i) Express Scripts' taxable income for the year, and (ii) 50 percent of the W-2 wages properly allocable to Express Scripts' DPGR for the year. Therefore, Express Scripts' Domestic Production Activities Deduction under Section 199 was $97,462,655.

27.     The IRS illegally and wrongfully denied Express Scripts' claim for refund.

## PRAYER FOR RELIEF

**WHEREFORE**, Express Scripts respectfully requests that the Court grant the following relief:

a.  That this Court enter judgment in favor of Express Scripts and against the United States, in the total amount of $34,111,929, or such greater amount as this Court may determine to be legally refundable, together with statutory interest thereon as provided by law;

b.  That this Court award Express Scripts its costs, including attorneys' fees, and such other and further relief as this Court deems just and proper.

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: /s/ Jonathan B. Potts
Jonathan B. Potts, #64091MO
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, MO 63102
jonathan.potts@bclplaw.com
(314) 259-2403

*Attorneys for Plaintiffs*

*Of counsel:*

**CROWELL & MORING LLP**

Dwight N. Mersereau
David B. Blair
S. Starling Marshall
1001 Pennsylvania Ave., NW
Washington, DC 20004
Dmersereau@Crowell.com
Dblair@Crowell.com
SMarshall@Crowell.com
(202) 624-2856

7